# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ESSAQUENA HARRIS,
           Appellant,

      v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
CH-0353-14-0178-I-1

DATE: May 18, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Essaquena Harris</u>, Highland, Indiana, pro se.

<u>Deborah L. Lisy</u>, Esquire, and <u>Shannon L. Wilson</u>, Esquire, Chicago,
    Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal alleging that the agency denied her restoration to duty from November 24, 2012, through June 23, 2014, following partial recovery from a compensable injury. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant suffered a compensable injury to her shoulder in 1990 while working as a Mail Processor and thereafter worked in a series of assignments tailored to her medical restrictions. Initial Appeal File (IAF), Tab 8, Subtabs 4SS, 4UU, 4WW-4XX, 4ZZ. Beginning in June 2010, she was assigned to work in the NIXIE Unit performing rewrap duties for 2 hours per day. *Id*., Subtab 4SS. Later, the NIXIE ("nixed" or undeliverable mail) Unit was abolished, and she was assigned to work in a standby status. IAF, Tab 8, Narrative Response at 8, 13, Subtabs 4GGG-4HHH. On or about June 26, 2012, while working in this 2-hour per day assignment, she suffered a compensable injury to her back, which resulted in an extended absence. *Id*.,

Subtabs 4GG-4HH, 4KK; IAF, Tab 44 at 12.[2]   After a 5-month absence, she requested restoration and submitted medical documentation listing her updated work restrictions and indicating that she could work up to 8 hours per day.  IAF, Tab 8, Subtabs 4EE-4FF, Tab 44 at 12.

¶3      The agency searched for work within the appellant's restrictions and offered her an assignment performing 3 hours of manual casing duties per day.  IAF, Tab 8, Subtabs 4W, 4CC, Tab 32, Exhibit 2.   The Office of Workers' Compensation Programs found the work to be within the appellant's restrictions but deemed the assignment unsuitable because it did not provide her 8 hours of work per day.  IAF, Tab 8, Subtabs 4M, 4U-4V.  The appellant also rejected a May 15, 2013 assignment due to its part-time nature and a March 27, 2014 assignment due to the commuting distance.  *Id.*, Subtab 4O; IAF, Tab 42 at 68-70. The appellant accepted an offer of assignment dated May 30, 2014, and returned to 8 hours of work per day effective June 23, 2014.  IAF, Tab 42 at 74, Tab 44 at 12-13.[3]

¶4      In the meantime, the appellant filed an equal employment opportunity complaint alleging, among other things, that the agency discriminated against her based on her disability and retaliated against her, by failing to restore her to duty beginning on November 24, 2012.  IAF, Tab 1 at 7.  The agency issued a final agency decision finding no discrimination and informing the appellant of her right to appeal to the Board pursuant to 29 C.F.R. § 1614.302(d).  IAF, Tab 1 at 7, 29.  The appellant filed the instant appeal and alleged that the agency arbitrarily and capriciously failed to restore her to 8 hours of work per day

---

[2] The agency did not provide evidence to support its assertion that the appellant was placed on standby after the NIXIE Unit was closed.  IAF, Tab 8 at 18.  Nevertheless, the appellant did not dispute this fact.

[3] The May 30, 2014 offer was later rescinded and the appellant filed another appeal, which is being adjudicated separately.  IAF, Tab 44 at 12-13; *Harris v. U.S. Postal Service*, MSPB Docket No. CH-0353-14-0809-I-1.

between November 24, 2012, and June 23, 2014. IAF, Tab 1 at 5, Tab 44 at 12-13.

¶5 In her appeal, the appellant did not argue that she should have been provided NIXIE rewrap duties or that the manual casing duties offered to her were outside her medical restrictions. Instead, she argued that the agency should have restored her to 8 hours per day of the manual casing duties she was provided in a previous assignment dated August 2001. IAF, Tab 1 at 5, Tab 44 at 5-8. She contended that other employees with compensable injuries were performing the manual duties that should have been assigned to her and that the agency improperly prevented her from obtaining bid jobs in the manual unit. IAF, Tab 44 at 16. She also argued that the agency's local commuting area search documents were fictitious and that the agency's actions were motivated by retaliation and disability discrimination. *Id*. at 17-18.

¶6 The appellant initially requested a hearing but then withdrew her request and asked that her appeal be decided on the written record. IAF, Tab 43. After both parties submitted closing briefs, the administrative judge issued an initial decision finding no jurisdiction. IAF, Tab 46, Initial Decision (ID) at 10-11.

¶7 In her initial decision, the administrative judge found that the appellant had satisfied the first three jurisdictional elements set forth in *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012), but failed to prove by preponderant evidence that the denial of restoration was arbitrary and capricious.[4] ID at 7, 10-11. The administrative judge found that the appellant failed to establish that there were any additional manual casing or other duties available within the local commuting area and within her restrictions. ID at 8, 10. She also found that the

---

[4] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304. 5 C.F.R. § 1201.57(a)(4). The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015. 80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).

agency conducted an adequate search for work within the local commuting area. ID at 8. The administrative judge further found that the record evidence contradicted the appellant's claims that the agency improperly precluded her from bidding or wrongly awarded bid assignments to less senior bidders. ID at 8-9. She also found that the appellant failed to establish that the agency violated any law, rule, or regulation when assigning manual tasks to other employees with compensable injuries. ID at 9. Finally, the administrative judge found that the appellant failed to show that the agency's denial of restoration was arbitrary and capricious on the basis of discrimination or retaliation.[5] ID at 10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        In her petition for review, the appellant argues that the administrative judge erred by not stating that a USPS Rehabilitation Job Offer she accepted in August 2001 was permanent. Petition for Review (PFR) File, Tab 1 at 5. The appellant, however, does not explain how this relates to her restoration claim. To the extent that she is arguing that the manual casing and other duties listed in the 2001 assignment were still her assigned duties during the time period relevant to this appeal, we find that her argument is belied by the evidence of record. The assigned duties listed in the 2001 offer were tailored to work restrictions related to the appellant's 1990 shoulder injury, and the offer specifically states that the assignment may change due to future operational needs of the agency. IAF, Tab 8, Subtab WW. Moreover, there is no dispute that the appellant had been

---

[5] As noted by the administrative judge, the Board has adopted a three-step inquiry as a framework to analyze cases where the appellant requests restoration after the agency rescinded a modified assignment. ID at 6; *Latham*, 117 M.S.P.R. 400, ¶¶ 31-33. This analysis does not apply here because the appellant was in an off-duty status when she requested restoration. Furthermore, application of this analysis would not change the outcome of this case. The administrative judge properly found that the NIXIE Unit, where the appellant worked pursuant to the June 2010 offer, had been dismantled in June 2012. ID at 7-8. The appellant does not contend that the NIXIE duties were available when she requested restoration.

working in a different assignment from June 17, 2010, through June 26, 2012, or that her June 26, 2012 back injury resulted in new restrictions.[6]  IAF, Tab 8, Subtabs 4EE, 4SS, 4WW.  Accordingly, we find no reason to disturb the administrative judge's finding in this regard.

¶9        The appellant also argues that the administrative judge erred in finding that manual casing duties were no longer a necessary task.  PFR File, Tab 1 at 6. Upon our review of the record, we find that the appellant has misconstrued the administrative judge's ruling.  The administrative judge did not find that manual casing was not a necessary task.  Instead, she correctly found that manual casing duties decreased along with the decrease in mail volume at the appellant's facility and that there were no mail casing duties available for her outside the duties already offered to her.  ID at 7-8.

¶10       The appellant submits three documents for the first time on review.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115.  Documents are deemed new evidence only if the information contained in the documents, not just the documents themselves, was unavailable despite due diligence when the record closed.  5 C.F.R. § 1201.115(d).  Evidence is material if it is of sufficient weight to warrant an outcome different from that of the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(a)(1). As discussed below, the documents submitted by the appellant do not provide a basis for disturbing the initial decision.

---

[6] The propriety of the agency's June 2010 decision to change the appellant's duties and reduce her work hours was the subject of a separate mixed complaint and is not at issue here.  IAF, Tab 8, Subtab 4AAA at 16-19; *Harris v. U.S. Postal Service*, EEOC Appeal No. 0120121505, 2012 WL 2356843 (June 4, 2012).

¶11    The appellant submits for the first time on review a document dated July 2, 2014, which she purports to be a list of agency facilities that were wrongly omitted from the agency's local commuting area search. PFR File, Tab 1 at 7, 13-15. The list is dated several months before the close of record below, and the appellant does not explain why the document, or the information provided therein, was otherwise unavailable to her previously. Accordingly, we will not address this evidence or argument on review. *See Banks*, 4 M.S.P.R. at 271; 5 C.F.R. § 1201.115(d).

¶12    The appellant also submits for the first time on review a copy of a December 12, 2014 Global Settlement Remedy Agreement between the agency and the American Postal Workers Union, and a December 12, 2014 news article discussing the settlement. PFR File, Tab 1 at 16-18. Although these documents are new in that they postdate the close of record, the appellant fails to show that the information provided in the documents was not available to her prior to the close of record. The settlement resolves issues arising out of two national-level grievance awards. *Id*. The agency submitted evidence in its response revealing that the grievance arbitration awards discussed in the settlement were issued in November 2010 and March 2013, and the grievances themselves were argued years prior. PFR File, Tab 5 at 14-15, 18. As the appellant has not shown that she could not have obtained information about these contractual issues before the close of record, we need not consider it now. Moreover, the appellant fails to show how the evidence is material because it does not provide any indication that work was available within her local commuting area, during the relevant time period, and within her medical restrictions. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 122, ¶ 12 (2013). Therefore, even if we were to consider the documents on review, the information contained therein does not warrant a different outcome in the case.

¶13    In addition, the appellant submits for the first time on review a copy of a May 2002 Memorandum of Understanding, which she contends will help clarify her argument that all clerks are classified as mail processing clerks.  PFR File, Tab 1 at 10, 19-22.  There is no evidence indicating that the document or information was unavailable to her prior to the close of record or that it is material to the restoration issues in this case.

¶14    Finally, the appellant reasserts her arguments that the agency wrongly prevented her from obtaining bid jobs and that the agency's local commuting area search documents were fictitious.  *Id*. at 7, 10.  We note that the administrative judge properly addressed and rejected these arguments in the initial decision.  ID at 8-9.  The appellant's arguments on review constitute mere disagreement with the administrative judge's findings, which we find no reason to disturb.  *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Moreover, we have reviewed the record and considered the remainder of the appellant's arguments on review, and we discern no error with the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:       _____
                              William D. Spencer
                              Clerk of the Board

Washington, D.C.